**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| **PERCY EDWARD WILSON,** § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:06-CV-473-A |
| § | |
| **NATHANIEL QUARTERMAN, Director,** § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**I.  FINDINGS AND CONCLUSIONS**

A.  NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B.  PARTIES

Petitioner Percy Edward Wilson, TDCJ # 1206263, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Huntsville, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

C.  FACTUAL AND PROCEDURAL HISTORY

On November 5, 2003, a jury found Wilson guilty of manufacture of a controlled substance

and assessed his punishment at 99 years' confinement and a $10,000 fine in cause number 9028 in the 355th Judicial District Court of Hood County, Texas. (Clerk's R. at 26.) The Second District Court of Appeals of Texas affirmed the trial court's judgment on July 1, 2004. *Wilson v. Texas*, No. 2-03-464-CR, slip op. (Tex. App.–Fort Worth July 1, 2004) (not designated for publication). Wilson did not file a petition for discretionary review. (Petition at 3.)

On March 14, 2005, Wilson filed an application for writ of habeas corpus in the state trial court, raising the issues presented herein, which was denied without written order by the Texas Court of Criminal Appeals on February 1, 2006. *Ex parte Wilson*, Application No. WR-62,198-01, at cover. Wilson filed this federal petition for writ of habeas corpus on July 3, 2006.[1] As ordered, Quarterman has filed an answer with supporting brief and documentary exhibits addressing only the issue of limitations, to which Wilson has filed a reply.

### D. ISSUES

In this petition, Wilson raises four grounds for relief challenging his conviction and sentence on substantive grounds. (Petition at 7-8.)

### E. STATUTE OF LIMITATIONS

Quarterman argues that Wilson's petition should be dismissed with prejudice because his petition is barred by the statute of limitations. (Resp't Answer at 3-5.) 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The

---

[1] A pro se habeas petition is filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

limitation period shall run from the latest of–

      (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

      (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

      (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review.[2] For purposes of this provision, Wilson's conviction became final and the one-year limitations period began to run upon expiration of the time that Wilson had for filing a petition for

---

[2]There are no allegations that the state imposed an unconstitutional impediment to the filing of Wilson's petition for federal relief, that the Supreme Court has announced a new rule(s) applicable to Wilson's claims, or that the factual predicate of his claims could not have been discovered sooner through the exercise of due diligence. Therefore, the statutory exceptions embodied in § 2244(d)(1)(B)-(D) do not apply.

3

discretionary review in the Texas Court of Criminal Appeals on August 2, 2004,[3] and closed on August 2, 2005, absent any tolling. *See* Tex. R. App. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). Wilson's state habeas application, filed on March 14, 2005, and denied on February 1, 2006, tolled the limitations period for 324 days under § 2254(d)(2); thus, Wilson's federal petition was due on or before June 22, 2006.[4]

Wilson argues that the limitations period began to run on February 1, 2006, the date the Texas Court of Criminal Appeals denied his state habeas application, and thus he had until February 1, 2007, to file his federal petition. (Pet'r Response at 2-4.) Wilson miscalculates the limitations period. Any time that passed between the time that Wilson's conviction became final and the time that his state habeas application was filed is counted against the one year period of limitation. *See Flanagan v. Johnson*, 154 F.3d 196, 199 n.1 (5th Cir. 1998).

Wilson's petition was due on or before June 22, 2006. Accordingly, his petition filed on July 3, 2006, is untimely.

## II. RECOMMENDATION

Wilson's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

---

[3] 30 days from the date of the state appellate court's affirmance was July 31, 2004. Because July 31, 2004, was a Saturday, Wilson had until August 2, 2004, to file a petition for discretionary review and until August 2, 2005, of the following year to seek federal habeas relief. *See Salinas v. Dretke*, 354 F.3d 425, 428 (5th Cir.), *cert. denied*, 124 S. Ct. 2099 (2004).

[4] Wilson neither alleges nor demonstrates that he is entitled to additional tolling as a matter of equity, which is available only in "rare and exceptional circumstances" when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

### III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED
### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until October 10, 2006.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until October 10, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to

the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED September 19, 2006.

      /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE